IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY L. CASTAPHNEY, CE-0543, )<br>　　　Petitioner　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　 )<br>　　　v.　　　　　　　　　　　　　　 ) Civil Action No.   05-1455<br>　　　　　　　　　　　　　　　　　　 )<br>LOUIS FOLINO, et al.,　　　　　　　 )<br>　　　Respondent.　　　　　　　　　　)| |

Report and Recommendation

I.  Recommendation:

It is respectfully recommended that the petition of Gregory L. Castaphney for a writ of habeas corpus be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631.

II.  Report:

Gregory L. Castaphney has presented a petition for a writ of habeas corpus.  In his petition, Castaphney seeks to challenge his conviction of first degree murder and life sentence imposed at No. CC-9209626 in the Court of Common Pleas of Allegheny County, Pennsylvania.  This sentence was imposed on July 13, 1993.

The instant petition was executed on October 18, 2005.  However, this is not the first federal challenge that the petitioner has directed at this conviction.  On November 25, 1996, by his counsel, he filed a federal habeas corpus petition in this Court which was filed at C.A. 96-2146 challenging this same conviction.  In the latter case, in a Report and Recommendation filed on February 11, 1997 and adopted by the Court on March 11, 1997, the petition was dismissed

on the grounds that it was without merit[1]

An appeal was taken to the United States Court of Appeals for the Third Circuit which Court affirmed the denial of relief on February 27, 1998 at Docket No.97-3198, and certiorari was denied by the United States Supreme Court on June 15, 1998.

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws.  As part of this habeas corpus reform, Congress amended 28 U.S.C. § 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing.  The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because it would appear that this Court cannot consider the instant petition without leave of the Court of Appeals, it is recommended that the petition of Gregory L. Castaphney for a writ

---

1. A copy of the Report and Recommendation filed on February 12, 1997 is attached hereto.

of habeas corpus be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631.

Within ten (10) days after being served, any party may serve and file written objections to the report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell,

Dated: November 3, 2005　　　　　　　　　　United States Magistrate Judge.